UNITED STATES DISTRICT COURT  
DISTRICT OF SOUTH DAKOTA  
CENTRAL DIVISION  

FILED  
DEC 15 2009  

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CR 03-30103-01 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| SOUTHY THEPMONTRY, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Defendant was convicted of conspiracy to distribute methamphetamine and was sentenced on June 27, 2005, to 200 months imprisonment. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed on September 14, 2006. United States v. Thepmontry, 2006 WL 2620642 (8th Cir. 2006). He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Defendant contended that he received ineffective assistance of counsel. Claims that counsel was ineffective in failing to obtain the services of an interpreter, in arguing sentencing issues before me, and in arguing sentencing issues on appeal were dismissed upon initial review.

Defendant's claim that counsel provided ineffective assistance in advising defendant of his options with respect to pleading guilty or proceeding to trial was submitted to U.S. Magistrate Judge Mark A. Moreno. The magistrate judge appointed counsel, conducted an evidentiary hearing, and submitted his report and recommendations, Doc. 301, to the Court. The report and recommendations were served on the defendant as required by 28 U.S.C. § 636 and defendant timely filed objections, Doc. 302. The Court has conducted a *de novo* review of the record.

# DECISION

## I. Factual Background.

Defendant was indicted November 19, 2003, for conspiracy to possess with the intent to distribute methamphetamine. He was arrested on the indictment on December 16, 2003, and detained. Trial was scheduled for February 24, 2004. Some time in February of 2004, counsel for the defendant received a proposed plea agreement and factual basis statement from the government. Counsel testified that he discussed the plea agreement with the defendant but defendant contended that he was not guilty. Defendant testified that he had never seen this plea agreement. This contention flies in the face of all common sense. The defendant is attempting to mislead the Court, as he has done all along.

Defendant filed a motion to continue trial, which was granted. Trial was rescheduled for July 27, 2004. In February and March, the three co-defendants filed plea agreements. In July, defendant again moved to continue the trial. That motion was granted and trial was continued to October 26, 2004.

In September 2004, defendant proposed to counsel that he would agree to "plead to five years," but the only offense charged was conspiracy to possess with intent to distribute which had a 40 year maximum penalty. Defendant's request for such a plea deal was rejected by the government. Both attorneys would have known that I have never permitted such a plea agreement and that any such plea agreement would be rejected by the Court.

In October, counsel for the defendant moved for a competency examination. Defendant also moved for a third continuance. The trial was continued to February 8, 2005. A psychiatric examination was conducted by Dr. Thomas L. Price. No interpreter was present during the examination. Dr. Price set forth in great detail defendant's history. Those matters could only have been discerned from an interview with the defendant and it was clear from those details that Dr. Price fully understood the defendant. Dr. Price reported that the defendant claimed to understand 90% of what his attorney was telling him. Dr. Price opined that the defendant had no difficulty understanding the adversarial process. The defendant did report to Dr. Price that he would feel more confident with the assistance of an interpreter. I found that the defendant was competent to assist counsel and to stand trial. I have no doubt that such ruling was correct.

On February 2, 2005, counsel for the defendant received another proposed plea agreement and factual basis statement from the government. Counsel's records show having reviewed the plea offer with defendant on two separate occasions. Counsel testified that he advised the defendant this his chances of receiving a judgment of acquittal at trial were "zero." Based on what I saw and heard at trial, Mr. Duffy's opinion was correct. Counsel told the defendant he would be foolish not to accept the plea deal. Counsel testified that the defendant would not agree to sign one of the plea agreements because he indicated that he was not involved. The second factual basis statement required the defendant to admit to a drug quantity of ten ounces for the purposes of determining the sentencing offense level, required the defendant to waive certain appeal rights, and, in exchange for defendant's cooperation, set forth that the government may file a motion for a reduced sentence under Fed. R. Crim. P. 35. According to Mr. Duffy, defendant continued to contend that others were lying about his involvement and that he was not involved in the conspiracy. Defendant contends that he was only told that the plea agreement set forth that he was guilty. He denied that counsel advised whether the proposed plea agreement "was a good deal." These contentions are not worthy of any credence.

Trial commenced on February 8, 2005, and the jury returned a verdict of guilty on February 9, 2005.

In May 2005, defendant sent two letters to the U.S. Probation and Pretrial Services Office. Those letters were hand written, legible, and understandable. Those letters concerned only release pending sentencing so that the defendant could visit his children. Defendant sent a letter to his attorney on June 13, 2005. That letter also concerned his request to see his children and inquired about release to a third party custodian. Defendant also contended in that letter that the detective was a liar. Defendant did not comment upon his guilt or innocence, but contended that the government was at fault for his situation and that 20 years was too much time. He also contended the drug quantity in the PSR was too high.

Defendant was sentenced on June 27, 2005. I rejected the probation officer's determination of drug quantity, resulting in a final base offense level two levels lower than suggested in the presentence investigation report by the writer of the report. Because defendant had gone to trial, he received no reduction for acceptance of responsibility.

3

On June 30, 2005, defendant sent a letter to me wherein he requested an appeal. He indicated that he had asked his attorney to file an appeal and a motion for a judgment of acquittal.

Defendant also sent me a letter on September 25, 2006. In that letter defendant sought a reduction of his sentence. He, for the first time, mentioned that, if he had known "everything," he would have plead guilty to get a lesser sentence. He did not admit his guilt.

In July 2007, defendant petitioned the Eighth Circuit for a writ of mandamus. He claimed therein that the government withheld evidence and witnesses testified falsely as to his involvement in the crime for which he was convicted. He was seeking an order to allow him to obtain documents that would contradict the government's theory of his guilt and would support his claim that he was not in possession of methamphetamine with intent to distribute. He stated therein that he was a user of methamphetamine and he would only purchase from his supplier for his personal use. He further stated that others would come to his home to use methamphetamine with him, not to purchase it from him. He claimed that he did not supply methamphetamine to Chad and Katie Turkey but that it was the other way around (they supplied to him). Of the witnesses, only the defendant made such claims.

At the evidentiary hearing in this matter, defendant testified that he never denied being involved in the distribution of methamphetamine. He claims he refused to sign the plea agreement because he had no guarantee of what sentence he would receive, and because he did not understand the document. He testified at the hearing that he supplied drugs to Chad and Katie Turkey, not the other way around.

Counsel for the defendant could not remember whether he advised the defendant about the possibility of pleading guilty without entering into a plea agreement with the government. Defendant denied counsel ever advised him of that possibility.

**II. Decision.**

Defendant contends that trial counsel should have more strongly urged him to accept the plea agreement proffered by the government. Trial counsel could not legally force or use coercion to get the defendant to plead guilty. A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Any coercion on counsel's part to induce defendant to plead

guilty would have rendered the plea invalid. Counsel, therefore, cannot be said to have rendered ineffective assistance by not more forcefully insisting that the defendant take his advice to plead guilty. From my observations, I am not surprised that the defendant would not listen to his attorney or take his advice.

Defendant objects to findings and recommendations made by the magistrate that defendant refused to sign a plea agreement because it required him to cooperate, did not contain an assurance of what his sentence should be, and was based upon a drug quantity in excess of 1.5 kilograms of methamphetamine. Defendant objects to the magistrate's finding that trial counsel discussed the government's proposed plea agreements with the defendant several times, contending that the finding is contrary to the defendant's testimony at the evidentiary hearing. Those findings are not contrary to the testimony of trial counsel. I am entitled to "give weight to the magistrate judge's credibility determination." United States v. Martinez-Amaya, 67 F.3d 678, 681 (8th Cir. 1995). The magistrate clearly relied upon the testimony of trial counsel in making the foregoing findings. I have conducted a de novo review of the record and have made the same credibility determinations.

The defendant objects to the magistrate's finding that defendant's current claim that he would have pleaded guilty but for counsel's advise is inconsistent with defendant's prior statements that he was not guilty. The law is clear in the Eighth Circuit that:

> When a § 2255 movant's claim is that trial counsel misadvised the movant of the relative advantages of pleading guilty rather than proceeding to trial, in order to satisfy the prejudice prong of the Strickland test, the movant "must show that, but for his counsel's advice, he would have accepted the plea." *Sanders* [*v. Sanders v. United States*], 341 F.3d [720] at 722 [8th Cir. 2003] (*quoting Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995)).

United States v. One Star. 575 F.Supp.2d 1104, 1116 (8th Cir. 2008). Defendant contends Sanders is inapplicable because, unlike Sanders, he did not testify at trial. The defendant in One Star also did not testify at trial. There, I held that the defendant had not met his burden of showing that he would have plead guilty.

> He has presented nothing other than a single conclusory allegation that he would have pled guilty if counsel had "forc[ed]" and/or "advis[ed]" him to accept the purported plea offer. Trial counsel's affidavit indicates that

5

> One Star maintained his innocence during and after trial. He insisted that he was not guilty of the charges, and chose to exercise his right to remain silent at both the trial and his sentencing hearing.

United States v. One Star, 575 F.Supp.2d at 1117. Like the defendant in One Star, defendant here at no time during the proceedings indicated that he was guilty of the crime of conspiracy to distribute methamphetamine. He continued to contest his guilt even after he was sentenced.

Defendant objects to the magistrate's finding that the defendant would have fared better under one of the proposed plea agreements rather than an open plea (pleading guilty to the one count indictment without entering into a plea agreement). Defendant also objects to the magistrate's finding that defendant has not shown that his sentence would have been different with an open plea rather than with the plea agreement offered to him on the eve of trial, contending that he is not required to make such a showing. Such a showing is required because defendant must not only show that counsel's performance was deficient (i.e., that counsel failed to advise him of the possibility of entering an open plea) but he must also demonstrate prejudice (i.e., that there is a "reasonable probability that, but for a counsel's [failure to advise him of the possibility of entering an open plea], the result of the proceeding would have been different"). Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009).

Defendant's sentence would not have been any different under an open plea than under one of the plea agreements offered by the government. In either case, his statutory maximum custodial exposure was the same, the drug quantity which could have been proven at sentencing would have been the same, and therefore his guideline sentencing range would have been the same. The magistrate is correct that, if anything, the defendant would have fared better under a plea agreement because the government's proposed plea agreements included a promise that the government would move for an additional one level reduction in offense level pursuant to Guidelines § 3E1.1(b). The Court could have applied that one level reduction only "upon motion of the government." "So long as the government's refusal to file the required motion is not motivated by bad faith or an unconstitutional motive, the district court may not order the government to file the motion." United States v. Wattree, 431 F.3d 618, 624 (8th Cir. 2005).

I previously held that failure to advise defendant of the possibility of entering an open plea would constitute deficient performance. However, since defendant can show no prejudice as

a result of not being advised of the possibility of entering an open plea, defendant cannot prevail on an ineffective assistance claim that he was not so advised.

Finally, defendant objects to findings concerning the defendant's alleged language barrier. I found upon initial review that defendant did not and has not demonstrated that he has a significant language difficulty. To the contrary, the defendant had a more than adequate understanding of the language and the legal system to communicate with his lawyer and assert his claims. His claims to the contrary are frivolous.

Now, therefore,

IT IS ORDERED:

1. The motion to vacate, Doc. 267, is denied.
2. The report and recommendations of the magistrate, Doc. 301, are adopted.
3. The defendant's objections, Doc. 302, are rejected.

Dated this 15th day of December, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)